

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| JAKE COKER, § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:20-03071-MGL |
| § | |
| NORWICH COMMERCIAL GROUP, INC., § | |
| PHIL DEFRONZO, GERRY GORDON, § | |
| RUSSELL BABOFF, GREG RADDING, and § | |
| JIM MORIN, § | |
|     Defendants. § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
**AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE**

### I.    INTRODUCTION

Plaintiff Jake Coker (Coker) brought this action in the Richland County Court of Common Pleas against Norwich Commercial Group, Inc. (Norcom) and its corporate officers and employees Phil DeFronzo, Gerry Gordon, Russell Baboff, Greg Radding, and Jim Morin (collectively, the Individual Defendants), alleging violations of South Carolina's Sales Representative Act, S.C. Code Ann. § 39-65-10 *et seq.*, against Norcom (Count One); defamation against Norcom and the Individual Defendants (Count Two); breach of contract accompanied by a fraudulent act against Norcom (Count Three); abuse of process against Norcom (Count Four); malicious prosecution against Norcom (Count Five); and, civil conspiracy against the Individual Defendants (Count Six). Norcom and the Individual Defendants subsequently removed the matter to the Court in accordance with 28 U.S.C. § 1332(a)(1).

Pending before the Court is Norcom and the Individual Defendants' motion to dismiss Coker's complaint under Fed. R. Civ. P. 12(b)(6). Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be granted, Coker's claims will be dismissed without prejudice, and he may file a motion to amend his complaint with a proposed amended complaint rectifying any pleading deficiencies within fourteen calendar days of this Order.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Coker "worked [for Norcom] as a [b]ranch [m]anager in Irmo, Richland County, South Carolina[,] originating mortgages and earned a salary plus commissions on the mortgages he sold/originated." Compl. ¶ 9. According to Coker, "[i]n approximately November 2018, Norcom began a joint venture program with . . . [certain] real estate companies (the 'Joint Ventures')." *Id.* ¶ 10. "For these Joint Ventures, Norcom owned 51%[,] and the joint partner owned 49%." *Id.* ¶ 11. "The [b]ranch [m]anager that recruited the joint partner would receive . . . all of the 51% share Norcom received from the joint venture profits" and "Norcom would make money on the margin on the interest rates for the loans that were sold through the Joint Ventures." *Id.* ¶ 12. From "December 2018 through March 2019, [Coker] recruited three [J]oint [V]entures[.]" *Id.* ¶ 13.

Coker contends, "[o]n March 29, 2020, [he] sent [Norcom and the Individual Defendants] an email detailing the pipeline of business these new Joint Ventures generated." *Id.* ¶ 15. "The pipeline of business forecasted income to [Coker] of approximately $50,000 for the next month and was expected to continue in a similar fashion into the foreseeable future." *Id.*

According to Coker, "[w]ithin six days of realizing how much money [he] would make from his sales efforts[,] including these [J]oint [V]entures, [Norcom] terminated [him] on April 4, 2019[,] and . . . manufactured and spread false accusations against" him that he "had committed fraud in his business, was allowing unlicensed loan origination activity, and had lost his mortgage [originator] license[,] as justification to terminate him" as well as "to give reason for [his] business connections, including these [J]oint [V]entures, to discontinue future mortgage business with [him]." *Id.* ¶ 17.

"[I]n early April 2019, Norcom . . . reported [Coker] to the Texas Department of Savings and Mortgage Lending [Texas SML] for allowing unlicensed loan origination activity and for violations of the Texas Finance Code." *Id.* ¶ 19. Ultimately, the Texas SML "found that [Coker] violated no provisions of the Texas Finance Code and took no disciplinary action against [him] or his licenses to [originate] mortgages." *Id.* ¶ 20. "No regulatory authority has ever revoked or suspended [Coker]'s licenses to [originate] mortgages in any state" and he "has not received any discipline of any type from any regulatory authority as a result of Norcom's accusations." *Id.*

After Norcom terminated Coker's employment, he states he "struggled to find work in the mortgage [origination] business, and he struggled to create, maintain[,] and develop relationships with realtors and other referral sources due to the false accusations by" Norcom and the Individual Defendants "that he had engaged in fraud in his business relations, had allowed unlicensed loan origination activity, and had lost [h]is mortgage [origination] license." *Id.* ¶ 21.

As the Court noted above, Coker initiated this action against Norcom and the Individual Defendants in the Richland County Court of Common Pleas, after which they removed the matter to this Court and filed the instant motion to dismiss. Coker responded, and Norcom and the

3

Individual Defendants replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

III. **STANDARD OF REVIEW**

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Rule 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

IV. **DISCUSSION AND ANALYSIS**

The Court will address Norcom and the Individual Defendants' arguments as to each count in the complaint.

    A. ***Whether the Court should dismiss Coker's claim under the Sales Representative Act against Norcom (Count One)***

Norcom argues Coker "fails to plead facts establishing the applicability of South Carolina's Sales Representative Act, S.C. Code Ann. § 39-65-10, *et seq.*" Mot. at 1.

Coker, in his response, withdraws this claim. *See* Resp. in Opp'n at 3 fn 1 ("In the interest of good faith, [Coker] has chosen not to move forward with his claim under the Sales Representative Act."). Accordingly, the Court will dismiss this claim without prejudice.

### B.     Whether the Court should dismiss Coker's defamation claim against Norcom and the Individual Defendants (Count Two)

Norcom and the Individual Defendants contend Coker's defamation claim should be dismissed because, among other things, he fails "to plead the required facts regarding the content of the [allegedly defamatory] statements and the circumstances in which they allegedly were made." Mot. at 3. Coker avers the "body of the complaint clearly lays out the timeline [of when the defamatory statements] took place, as being sometime in March and April of 2019" and "to the extent that Rule 8(a) requires, [he] has provided fair notice of the subject and grounds of the claim." Resp. in Opp'n at 4 (footnote omitted).

Under South Carolina law, the "elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm[,] or the existence of special harm caused by the publication." *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 748 (S.C. Ct. App. 2001). Moreover, to survive a motion to dismiss, the plaintiff in a defamation case must set forth "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated differently, to plead a claim for defamation, a plaintiff's allegations should include the time, place, content, speaker, and hearer of the alleged defamatory statements.

Here, Coker's defamation allegations in his complaint are insufficient. Coker alleges the Individual Defendants "made numerous, unprivileged statements . . . that he had engaged in fraud with respect to his mortgage business activities, that he was allowing unlicensed loan origination

5

activity, and that he violated mortgage lending regulations . . . ." Compl. ¶ 29. He contends the Individual Defendants made these statements "to employees of Norcom, clients of [himself], customers, and regulatory authorities[.]" *Id.* But, missing from Coker's complaint is the necessary specific detail such as the time, place, content, speaker, and hearer of the alleged defamatory statements. These omissions prove fatal to his defamation claim as it currently stands, and this claim will be dismissed without prejudice.

Because this issue is dispositive, the Court need not address Norcom and the Individual Defendants' argument this claim sounds in fraud and must be pleaded with the particularity required by Rule 9(b).

### C.   Whether the Court should dismiss Coker's breach of contract accompanied by a fraudulent act claim against Norcom (Count Three)

Norcom argues Coker's breach of contract accompanied by a fraudulent act claim against it should be dismissed because he fails to meet the heightened pleading standard of Rule 9(b) inasmuch as the claim involves an element of fraud. Coker fails to address Norcom's argument.

Here, when Coker crafted the allegations constituting his claim for breach of contract accompanied by a fraudulent act against Norcom, he did so under South Carolina Rule of Civil Procedure 9(b). *See generally* Coker's Complaint, Case No. 2020-CP-40-03353 (Richland County Comm. P.). Although South Carolina Rule of Civil Procedure 9(b) is similar to Federal Rule of Civil of Civil Procedure 9(b), the Court, out of an abundance of caution, will dismiss this claim without prejudice and allow Coker an opportunity to file a motion to amend his complaint with a proposed amended complaint complying with Federal Rule of Civil Procedure 9(b) as to this claim.

In the event Coker files a motion to amend his complaint with a proposed amended complaint, he shall ensure he pleads with particularity the "'who, what, when, where, and how' of

the alleged fraud[,]" *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)), as his current allegations, *see generally* Compl. ¶ 40, are insufficient.

> **D.     Whether the Court should dismiss Coker's abuse of process and malicious prosecution claims against Norcom (Claims Four and Five)**

The parties disagree as to which state's laws apply to the abuse of process and malicious prosecution claims.  Norcom avers Texas substantive law governs Coker's abuse of process and malicious prosecution claims because they "explicitly and exclusively arise from the statements [Coker] alleges Norcom made about him to [the] Texas SML."  Mot. at 16 (footnote omitted). Thus, according to Norcom, the lex loci delicti is Texas.  Coker, on the other hand, contends "nothing in our law states that the Court must or even should adopt the law of Texas" when adjudicating these abuse of process and malicious prosecution claims.  Resp. in Opp'n at 5.  Hence, Coker avers South Carolina substantive law governs these claims.

Thus, prior to addressing the parties' arguments as to the merits of these claims, the Court will provide a brief primer on choice of law analysis.  Because this diversity case is before a federal court in the District of South Carolina, South Carolina choice of law applies to all claims.  *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941) (holding a federal court sitting in diversity must apply the choice of law rules of the state in which it sits).

"Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the lex loci delicti, the law of the state in which the injury occurred." *Boone v. Boone*, 546 S.E.2d 191, 193 (S.C. 2001).  "Procedural matters are to be determined in accordance with the law of [the forum], the lex fori."  *McDaniel v. McDaniel*, 133 S.E.2d 809, 811 (S.C. 1963).

7

Pursuant to lex loci delicti, the Court must first determine where the injury occurred. "South Carolina law clearly provides lex loci delicti is determined by the state in which *the injury occurred*, not where the results of the injury were felt or where the damages manifested themselves." *Rogers v. Lee*, 777 S.E.2d 402, 405 (S.C. Ct. App. 2015).

Here, Coker's abuse of process and malicious prosecution claims arose from Norcom's reporting him to the Texas SML. Thus, the Court concludes the injury occurred in Texas, so Texas substantive law applies.

### 1.   *Abuse of process claim against Norcom*

The elements of an abuse of process claim in Texas are:

> (1) That the defendant made an illegal, improper, or perverted use of process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted[,] or improper use of process; and (3) that damage resulted to the plaintiff as a result of such irregular act.

*Fuertas v. Park Towers*, 707 S.W.2d 149, 160 (Tex. App. 1986). But, "[t]he mere issuance of process is not actionable as an abuse of process." *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 249 (Texas App. Ct. 1975). "There must be use of the process, and that use must of itself be without the scope of the process, and, hence, improper." *Id.* Consequently, to plead a claim of abuse of process under Texas law, a plaintiff must allege an improper use of the process after its issuance, not merely the improper procurement of process.

Here, Coker's abuse of process claim is based solely on Norcom's submission of information to the Texas SML about him pursuant to the reporting requirements under Texas law. *See* Compl. ¶ 43 ("Norcom reported [Coker] to [the Texas SML] for allowing unlicensed loan origination activity and for violations of the Texas Finance Code."); *Id.* ¶ 44 ("Norcom did not make these reports out of a legitimate belief that [Coker] was in violation of any mortgage

8

regulation or committing any actual fraud, but had an ulterior purpose, namely a desire to cut [Coker] out of the large income stream he had created by spreading false information regarding . . . .").

Consequently, if the submission of information about Coker to the Texas SML constitutes process, Coker, in his complaint, fails to allege Norcom engaged in any activity arising from the Texas SML inquiry after the submission. Hence, Coker's abuse of process claim, as currently plead, fails and will be dismissed without prejudice.

Because this issue is dispositive, the Court need not address Norcom's argument this claim sounds in fraud and must be pleaded with the particularity required by Rule 9(b).

### 2.     *Malicious prosecution claim against Norcom*

A plaintiff asserting a malicious prosecution claim under Texas law must establish: "(1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996).

Regarding the sixth element, special damages, a "plaintiff must suffer a special injury before recovering for malicious prosecution in a civil case." *Id.* at 208. "It is insufficient that a party has suffered the ordinary losses incident to defending in a civil suit, such as inconvenience, embarrassment, discovery costs, and attorney's fees." *Id.* at 209. "There must be some physical interference with a party's person or property in the form of an arrest, attachment, injunction[,] or sequestration." *Id.*

Coker's damages, as set forth in his complaint, involve ordinary costs incident to defending a civil lawsuit, and he fails to allege some type of physical interference with himself or

9

property in the form of an arrest, attachment, injunction, or sequestration. *See* Compl. ¶ 51 (alleging Coker "has been injured by [the filing of the lawsuit] by having to spend money to hire an attorney to defend the action, costs involved in defending the action, lost wages in not being able to obtain employment during the pendency of the action, in causing potential customers to not want to do business with someone whose own employer had recently reported hi[m] to the regulatory authorities, and in other ways to be shown at trial.").

Also, inasmuch as South Carolina's statute of limitations applies in this case, *see Hercules Inc. v. South Carolina Tax Comm'n*, 262 S.E.2d 45, 48 (S.C. 1980) (noting the statute of limitations is procedural as opposed to substantive), the Court need not address Norcom's argument Texas's one-year statute of limitations bars this malicious prosecution claim.

Accordingly, Coker's malicious prosecution claim, as currently plead, fails and will be dismissed without prejudice. Because this issue is dispositive, the Court need not address Norcom's argument this claim sounds in fraud and must be pleaded with the particularity required by Rule 9(b).

### E. *Whether the Court should dismiss Coker's civil conspiracy claim against the Individual Defendants (Count Six)*

The Individual Defendants present three primary arguments in support of their contention the Court should dismiss Coker's civil conspiracy claim, but one is dispositive. Prior to addressing this dispositive argument, the Court will provide a brief primer on civil conspiracy.

"[A] plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston Cty. Sch. Dist.*, --S.E.2d --, 2021 WL 3668152 at *7 (S.C. Aug. 18, 2021) (footnote omitted). A plaintiff "must plead

10

additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim."  *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009), *overruled on other grounds by Paradis*, 2021 WL 3668152.

Stated another way, "'[w]here the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, plaintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong.'"  *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 278 S.E.2d 607, 612 (S.C. 1981) (quoting 15A C.J.S. Conspiracy § 33, at 718), *overruled on other grounds by Paradis*, 2021 WL 3668152.

Returning to the Individual Defendants' dispositive argument, they contend Coker's conspiracy claim is a "repackaged version of other pleaded claims."  Mot. at 21.  Coker, on the other hand, avers his conspiracy claim is different from the other claims because it "contemplates the possibility that [the Individual Defendants] conspired together outside of the umbrella of the corporate entity for their own personal gain."  Resp. in Opp'n at 6.

Here, in Coker's claim for civil conspiracy, he has merely reincorporated his previous claims and added conclusory allegations the Individual Defendants were engaged in a civil conspiracy.  Hence, because "[t]he only alleged wrongful acts plead are those for which damages have already been sought[,]" *Todd*, 278 S.E.2d at 611, Coker's claim for civil conspiracy, as currently plead, fails and will be dismissed without prejudice.

Inasmuch as this issue is dispositive, the Court need not address the parties' other arguments regarding this claim.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Norcom and the Individual Defendants' motion to dismiss is **GRANTED**, and Coker's claims are **DISMISSED WITHOUT PREJUDICE**.  Coker may file a motion to amend his complaint with a proposed amended complaint rectifying the aforementioned pleading deficiencies as to his claims within fourteen calendar days of this Order.  The Clerk of Court is directed to withhold entry of judgment on this matter until further order of the Court.

**IT IS SO ORDERED.**

Signed this 3rd day of September 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE